[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Stanley V. Tucker, brought a tax appeal against the Defendant, City of Torrington from the grand list of 1992. He subsequently amended his complaint to include the grand lists of 1993 and 1994. Mr. Tucker's claim was that the value placed on his property located at 19 Nathaniel Street was not its true and actual value but was grossly excessive, disproportionate and unlawful. The plaintiff appealed to the defendant Board of Appeals on March 18, 1993. On March 25, 1993, the Board gave notice to the plaintiff that no action was taken on his appeal.
It is undisputed that Torrington's last re-evaluation was done in 1988 and the 1988 grand list was the first to reflect the re-evaluation. Both Mr. Tucker's appraiser, Mr. Kloss, and the City's appraiser, Mr. Oles, based their values upon the 1988 grand list as required by law. Mr. Tucker is attempting in his brief to have this court re-assess his property on a yearly CT Page 13397 basis.
Mr. Tucker's attempts to introduce evidence on this point at the trial were rejected by the court. Mr. Tucker is also attempting to allege undisputed facts that were not in evidence at the trial that the City of Torrington wrongfully evicted all the tenants in 1993. No such evidence was introduced and in any event that issues was previously litigated in this court and a stipulated judgment was entered into between the parties. City of Torringtonv. Tucker, Docket No. CV 90-0054528S.
Mr. Tucker's reliance upon § 12-55 of the General Statutes is misplaced. It does not require the assessor to re-assess properties on an annual basis because of a change in market conditions.
If real property is properly assessed on the first grand list following revaluation, variations caused by market conditions on different parcels of property does not have to be reflected in subsequent assessments between revaluation. Stop ShopCompanies, Inc. v. Town of East Haven, 21 Conn. 233 (1989); 84Century Limited Partnership v. Board of Tax Review, 207 Conn. 250
(1988). Mr. Tucker did not challenge the 1988 grand list and is therefore bound by it. Mr. Tucker's argument was that the market conditions subsequently changed. As stated by our courts, the remedy of revaluation because of a change in marketing conditions need only be available once every ten years, § 12-61, Conn. Gen. Stat.; Uniroyal Inc. v. Board of Tax Review of Town ofMiddlebury, 182 Conn. 619 (1981); Ralston Purina Co. v. Board ofTax Review of Town of Franklin, 203 Conn. 425 (1987).
The main difference in the appraisals of Oles and Kloss was the fair market rental figure they used. Section 12-673b of the General Statutes states in pertinent part: ". . . in any appraisal with respect to real property used primarily for the purpose of producing rental income, the term `market rent' means the rental income that such property would most probably command on the open market as indicated by present rentals being paid for comparable space."
The fair market rent that Oles used of $400.00 per month was correct. That one or two tenants may have been paying less is not a determining factor in "market rent". Upon cross examination, Mr. Tucker admitted that he was charging $400.00 per month rent. Also, Defendant's Exhibit 1, Mr. Tucker's Rental Log from 1986 to CT Page 13398 1987, shows he was charging $400.00 per mont [month]. Clearly Mr. Oles' fair market rental figure of $400.00 was the most supported and credible evidence.
As to Mr. Tucker's other claims regarding furniture and carpets, Mr. Oles' testimony as to the value of the personal property and any value placed upon the rugs is credible evidence.
For the reasons stated, the appeal is dismissed.
PICKETT, J.